# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TAMMY BUSCH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16CV1422 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

Before the Court is movant Tammy Busch's motion to vacate, set aside or correct sentence, brought pursuant to 28 U.S.C. § 2255. Based on the reasoning set forth below, the Court will interpret movant's motion as one for a reduction in sentence and transfer her motion to her criminal case for full briefing.

## Background

On August 17, 2012, movant pled guilty to conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(c)(1). *See United States v. Busch*, No. 4:12CR200 SNLJ (E.D.Mo. 2013). On February 7, 2013, this Court sentenced movant to the Bureau of Prisons for a term of imprisonment of 70 months. *Id.* Movant did not appeal her conviction and sentence.

## Discussion

Movant filed the instant motion on September 1, 2016. In her motion, movant requests that the Court apply a new amendment to the United States Sentencing Guidelines, referred to as

the "Mitigating Role Amendment," or Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2.[1]

In essence, movant is seeking a sentence reduction through a clarifying amendment to the sentencing guidelines. The only existing authority for the Court to modify movant's sentence comes from Rule 35 of the Federal Rules of Criminal Procedure, or 18 U.S.C. § 3582, which is more properly sought through a motion in reduction in sentence in movant's criminal case. Therefore, the Court will administratively terminate the instant action and it will not be counted as a motion to vacate, brought pursuant to 28 U.S.C. § 2255. Movant's motion will be interpreted as a motion for reduction in sentence, pursuant to Rule 35 of the Rules of Criminal Procedure and transferred to her criminal action.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **administratively terminated** and will not be considered a motion to vacate, brought pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that a copy of movant's motion shall be transferred to her criminal case, *United States v. Busch*, No. 4:12CR200 SNLJ, and filed as a motion for reduction in sentence, brought pursuant to Rule 35 of the Rules of Criminal Procedure and/or a § 3582 motion. The government shall respond to movant's motion in a reasonable time, as set forth in the Federal Rules of Civil Procedure.

---

[1] The commentary to Sentencing Guidelines was amended on November 1, 2015, after movant was sentenced, but it is doubtful that the new provisions could be applied to assist in reducing movant's sentence. *See United States v. Waddell*, No. 15-2011, 2016 WL 4087230, *2 n.3 (8th Cir. August 2, 2016) (noting that the commentary was amended on November 1, 2015, but stating that "new provisions that are contrary to circuit precedent are not applicable here"). However, the matter should receive full briefing from the parties in movant's criminal action.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 6th day of September, 2016.

                                               _____
                                               STEPHEN N. LIMBAUGH, JR.
                                               UNITED STATES DISTRICT JUDGE